WR-48,152-05
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/13/2015 3:41:24 PM
Accepted 1/13/2015 4:38:21 PM
ABEL ACOSTA
CLERK

<u>NO. WR-48,152-01; WR-48,152-02; WR-48,152-03; WR-48,152-04;</u>

<u>WR-48,152-05; WR-48,152-06</u>

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS


*In re*

GARCIA GLEN WHITE,

Relator-Petitioner


## MOTION REQUESTING TEMPORARY STAY OF EXECUTION AND APPOINTMENT OF NEW STATE HABEAS COUNSEL UNDER *TREVINO V. THALER*


**THIS IS A DEATH PENALTY CASE.**
MR. WHITE IS SCHEDULED TO BE EXECUTED
ON JANUARY 28, 2015


**Pat McCann – Counsel for Relator-Petitioner**
SBOT: 00792680
909 Texas Ave, Ste. 205
Houston, Texas 77002
Phone: 713) 223-3805
writlawyer@justice.com

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS AT AUSTIN:

Your Honors,

I will dispense with the normal third-party address form in this motion. I do

so because I believe I should speak plainly and clearly on this topic to a group of



judges before whom I have practiced for many years. I have been privileged to represent Mr. Garcia Glen White for over 16 years. I have filed numerous state and federal applications for relief on his behalf. I have tried to live up to the responsibility of representing a condemned man to the best of my ability in this case.

Yet no man or lawyer is perfect, nor can any lawyer truthfully say that they are their own best judge. I have represented Mr. White for too long to objectively assess whether or not I made mistakes along the way that could have cost him a chance at relief. Under *Trevino v. Thaler*[1], I believe that my client should at least have the benefit of at least one last set of objective eyes to judge the work done by me. It is my sincere belief, based upon 20 years of death penalty work before this Honorable Court, that a man or woman facing execution should have the benefit of one final look at his lawyer's performance, even mine. I cannot speak for other habeas attorneys; I cannot say that in every case this Court should take the action that I very respectfully suggest here. Yet this Court has entrusted me with a duty that I take most seriously. That duty includes, I believe, as ruthless a self-examination as I have applied to the lawyers who have come before me. This cannot ever be about the pride of any attorney; it must always be about ensuring every last measure of due process possible for those who are condemned.

---

[1] 133 S.Ct. 1911 (2013)

Some months ago I was approached by other lawyers in this field who indicated they wished to take over Mr. White's case specifically to conduct such a *Trevino* investigation into my own habeas work. I agreed to step aside as soon as they had someone to substitute in my place, but the lawyers eventually backed out of that arrangement. That is the only reason I am bringing this proposal before the Court at such a late hour. I had anticipated such a review by someone else but now it falls to me to at least ask this Court to take the step of appointing someone.

There is no precedent in the Texas Criminal Code of Procedure or in case law for this, so I will not cite you any. I believe your inherent powers under Article V, Section 5 of the Texas Constitution and the provisions of the *Trevino* case provide legal authorization to take the step that I am asking, which is: a short 90 – 120 day stay of the execution, appointment of either the Office of Capital Writs or another qualified individual to examine my habeas work and determine whether there are claims of ineffective assistance which could be brought against me and provide a gateway for Mr. White to obtain relief.

I have given great thought to whether it made sense to ask this Court for this relief. I see no other way in good conscience and my duty to my client unless I at least put this forward as a course of action. I recognize that this could create a procedural and practical burden for the Court. I further recognize that the Court may determine that in this or in any case that the constitution does not mandate

3

this; my respectful response would be that it does not forbid it either. I do not ask for this relief for delay. This case has been pending for almost 20 years. I do not believe a short delay would affect the ends of justice, whether one believes in deterrence or retribution. I ask for this relief in the sincere belief that if my client is entitled to a full review and procedural due process that he should not depend on me to examine my own work as I could not be objective.

Wherefore I respectfully pray on behalf of my client Garcia Glen White that this Court consider a short temporary stay of the execution and appointment of new counsel in order to review my own state habeas and federal habeas work. I ask this in the interest of justice. I ask this in the humble awareness that I am as imperfect an advocate as one may find but with the sincere hope that any failings in my work count against me and not my client.

Respectfully submitted,

/s/ Patrick F. McCann
PATRICK F. McCANN
SBOT 00792680
909 Texas Ave., Ste. 205
Houston, Texas 77002
713.223.3805
281.667.3352 FAX
writlawyer@justice.com
ATTORNEY FOR GARCIA GLEN WHITE

## CERTIFICATE OF SERVICE

I, Patrick F. McCann do hereby certify that a true and correct copy of the above and foregoing has been served on January 13th, 2015 via mail delivery to: Lynn Hardaway, Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, Texas 77002 and the Capital Litigation's Section at the Attorney General's Office.

/s/ Patrick F. McCann
Patrick F. McCann